902

**Carl MORRIS; Dennis Elvin Lapan,**
**Plaintiffs–Appellants,**

v.

**John CASON, Warden, et al.,**
**Defendants–Appellees.**

No. 02–2460.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Carl Morris, Muskegon, MI, pro se.

Dennis Elvin LaPan, Saginaw, MI, pro se.

Before: SILER, MOORE, and BALDOCK,* Circuit Judges.

*ORDER*

Carl Morris and Dennis Elvin LaPan appeal a district court judgment that dis-

* The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

missed their civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Morris and LaPan filed their complaint in the district court alleging that, motivated by racial prejudice, the defendant prison guard falsely charged Morris with sexual assault after he found Morris naked on LaPan's bunk in the cell the two shared engaged in what they alleged was mere horseplay. Morris was found guilty of the major misconduct offense of engaging in consensual sex and was sentenced to seven days of toplock. Morris alleged that he was held in segregation in dirty conditions pending the misconduct hearing, and that items of his personal property were missing upon his release from segregation. LaPan alleged that he was subjected to a degrading medical examination and was confined in segregation in unpleasant conditions against his will. The district court dismissed the complaint for failure to state a claim upon which relief can be granted. Plaintiffs filed a timely notice of appeal. On appeal, plaintiffs reiterate their contention that Morris was charged with and convicted of misconduct due to racial prejudice.

■ Upon de novo review, *see White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment for the reasons stated by the district court in its opinion dated October 16, 2002. Plaintiff Morris automatically lost good time credits for the month of his major misconduct disciplinary conviction pursuant to state law. *See* Mich. Comp. Laws § 800.33. Morris's claim therefore is not cognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 1304–05, 158 L.Ed.2d 32 (2004); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, the district court properly dismissed this claim.

■ Further, plaintiffs' claims that they were held in segregation failed to state a violation of their right to due process because this restraint does not involve a protected liberty interest absent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The district court correctly concluded that plaintiffs alleged nothing that rises to the level of an Eighth Amendment violation. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Finally, the district court correctly concluded that Morris cannot state a due process claim for the alleged loss of his personal property because he cannot show that state remedies are inadequate to remedy the loss. *See Hudson v. Palmer,* 468 U.S. 517, 530–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland v. Machulis,* 57 F.3d 476, 479–80 (6th Cir.1995); *Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir. 1993). Accordingly, plaintiffs failed to state a claim upon which relief can be granted.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.